**GLEN E. BLACKBURN AND MAXINE BLACKBURN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.**

Docket No. 22476. Promulgated September 29, 1950.

*William A. Cruikshank, Jr., Esq.,* and *Alva C. Baird, Esq.,* for the petitioners.

*A. J. Hurley, Esq.,* for the respondent.

OPINION.

Van Fossan, *Judge:* The sole issue is whether certain amounts received by Glen E. Blackburn during the taxable years 1946 and 1947, pursuant to the provisions of section 4800 of the Labor Code of California should be excluded from gross income as compensation for personal injuries within the meaning of section 22 (b) (5) of the Internal Revenue Code.[1]

The petitioner, Glen E. Blackburn, is a State Traffic Officer of the California Highway Patrol of the Department of Motor Vehicles, State of California. On June 24, 1946, Blackburn suffered injuries incurred in the line of duty which caused him to be absent from work until April 1, 1947. While Blackburn was absent from his work because of his injuries he received his regular salary payments at the rate of $310 per month. These payments were made pursuant to section 4800 of the Labor Code of California and amounted to $1,953.31 in 1946 and $930 in 1947. Whether these amounts should be included in Blackburn's gross income is the only matter in controversy.

On May 21, 1948, the Industrial Accident Commission of the State of California granted Blackburn a permanent disability award in the total amount of $4,140 payable at the rate of $30 per week for a period of 138 weeks beginning July 2, 1946. This award was independent of the payments referred to above, made under section 4800. There is no controversy concerning these payments in the total amount of $4,140 and the respondent agreed that they should properly be excluded from gross income under section 22 (b) (5), I. R. C.

The petitioners contend that the payments in controversy were received "under workmen's compensation acts, as compensation for personal injuries", section 22 (b) (5), I. R. C. The respondent's con-

[1] SEC. 22. GROSS INCOME.

 * *  * * * * *

(b) Exclusions from Gross Income.—The following items shall not be included in gross income and shall be exempt from taxation under this chapter:

 * * * * * * *

(5) Compensation for injuries or sickness.—Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 23 (x) in any prior taxable year, amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness, and amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country;

tention is to the contrary. This controversy will be resolved by an inquiry into the nature of the payments and what appears to have been the intent of the legislature of the State of California. The several pertinent provisions of the California Labor Code are set forth in the margin.[2]

Section 4800 is a special provision in the California Code which provides only for certain members of the Highway Patrol of that State. It provides a means of compensation for the hazardous nature of the work by continuing the regular salary if the patrolman is injured in his work. It provides that the patrolmen shall be entitled "to a leave of absence while so disabled without loss of salary." Such allowance is "in lieu of disability payments." Section 4803 of the California Labor Code provides that when the disability "continues for a period of beyond one year, such member shall *thereafter* be subject, as to disability indemnity, to the provisions of this division other than section 4800 which refers to temporary disability only, during the remainder of the disability." [Emphasis added.] Section 4804 provides that "No disability indemnity shall be paid to said member as temporary disability concurrently with wages or salary payments."

The petitioners seek to derive some support for their position from the fact that the pertinent sections of the Labor Code are preceded by the heading: "Division IV, Workmen's Compensation"; and from the further reference in section 3201 to a "complete system of workmen's compensation."

The pertinent sections of the California Labor Code have been interpreted in a recent case in the District Court of California. *The De-*

---

[2]   *Labor Code of the State of California, Division IV, Workmen's Compensation*

3201. Division IV and Division V of this code are an expression of the police power and are intended to make effective and apply to a complete system of workmen's compensation the provisions of section 17½ and 21 of Article XX of the Constitution of this State.

 *  *  *  *  *  *

4800. Whenever any member of the California Highway Patrol is disabled by injury or illness arising out of and in the course of his duties, he shall become entitled, regardless of his period of service with the patrol to a leave of absence while so disabled without loss of salary, in lieu of disability payments under this chapter, for a period of not exceeding one year. This section shall apply only to members of the California Highway Patrol whose principal duties consist of active law enforcement and shall not apply to persons employed in the Department of Motor Vehicles whose principal duties are those of telephone operator, clerk, stenographer, machinist, mechanic or otherwise clearly not falling within the scope of active law enforcement service, even though such person is subject to occasional call or is occasionally called upon to perform duties within the scope of active law enforcement service.

 *  *  *  *  *  *

4803. Whenever such disability of such member of the California Highway Patrol continues for a period of beyond one year, such member shall thereafter be subject, as to disability indemnity, to the provisions of this division other than section 4800, which refers to temporary disability only, during the remainder of the disability, except that such compensation shall be paid out of funds available for the support of the Department of Motor Vehicles, and the leave of absence shall continue.

4804. No disability indemnity shall be paid to said member as temporary disability concurrently with wages or salary payments.

 *  *  *  *  *  *  *

*partment of Motor Vehicles* v. *Industrial Accident Commission et al.*, 178 Pac. (2d) 43. That case was a proceeding to annul an award of the Industrial Accident Commission against the Department of Motor Vehicles, California Highway Patrol. There too, a patrolman had been injured in the line of duty and his regular salary had been paid to him for 1 year after his injuries. The Accident Commission had also awarded him the sum of $6,000 on account of a permanent disability. The employer, the Department of Motor Vehicles, California Highway Patrol, as the petitioner in the case, contended that it was entitled to a credit for all payments made by it; that its continuation of the policeman's regular salary substituted for all disability allowance; that the leave of absence payments were in themselves a temporary disability allowance, and that, therefore, no permanent disability indemnity should be paid concurrently therewith under the provisions of section 4661 of the California Labor Code. The Court refuted the petitioner's contentions and affirmed the award. We are particularly impressed with the language of the Court in its analysis of the nature of the various Code provisions. We believe that it is a sound inference that payments made under section 4800 of the Labor Code are not payments analogous to workmen's compensation but are, on the other hand, a continuation of regular pay during a period of incapacity in a manner similar to any other provision for sick leave, whether or not the employee is involved in hazardous duty. In answer to the contention that the amounts paid to a patrolman while on leave under section 4800 are compensation for an injury as distinguished from salary, the Court said that:

* * * Such an interpretation, however, produces an immediate conflict with the express provision of Section 4800 that the salary is in lieu of disability payments. If the legislature had intended the salary to be paid as a disability allowance, it undoubtedly would have said so. What it did say is exactly to the contrary and any seeming conflict with this expression must be resolved to give it effect if reasonably possible. * * *

Viewing the several sections of the Labor Code under consideration in the light of the established rules of construction, it is manifest that it was intended by the legislature to provide an injured patrolman with his full pay for a year in the place of any temporary disability allowance, but in no way to limit his right in accordance with the general rule to receive an award of permanent disability indemnity concurrently with his salary.

The foregoing analysis of the pertinent provision of the California Labor Code demonstrates that it provides for two types of payments to the members of the Highway Patrol injured while on duty. One of those provisions merely continues the regular salary of the disabled patrolman for a period not to exceed 1 year. The other payment is in the nature of workmen's compensation which it is agreed should be excluded. The payment under consideration, in our opinion, is not a payment under a "workmen's compensation" act of a na-

ture intended by Congress in section 22 (b) (5) of the Internal Revenue Code to be excluded from gross income.

We hold that the payments made to Glen E. Blackburn under the provisions of section 4800 of the California Labor Code should not be excluded from his gross income under the provisions of section 22 (b) (5), Internal Revenue Code.

*Decision will be entered for the respondent.*