BRUCE W. AND BARBARA M. CLAUSSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clausse v. Commissioner
Docket No. 3383-94
United States Tax Court
T.C. Memo 1995-198; 1995 Tax Ct. Memo LEXIS 198; 69 T.C.M. (CCH) 2546; May 4, 1995, Filed *198 Decision will be entered for respondent. Bruce W. and Barbara M. Clausse, pro se. For respondent: S. Mark Barnes
COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 1,673 in petitioners' 1990 Federal income tax. The sole issue for decision is whether petitioners may exclude disability benefits received by Bruce W. Clausse (petitioner) from gross income under section 104(a)(1). Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Ogden, Utah. Petitioner is a disabled deputy sheriff from the Sacramento County, California, Sheriff's Department *199 (Department). In February 1976, petitioner was diagnosed with Chrohn's disease, which causes inflammation of the digestive system. The Worker's Compensation Board and the Department determined that petitioner's disability was sustained within the course and scope of his employment. Petitioner's disability entitled him to receive long-term disability benefits through a group insurance policy underwritten by Standard Insurance Company (Company). Since February 1976, petitioner has received disability income from this policy, which was purchased by Sacramento County (County). All premium payments on the policy were paid by the County. Apparently, there was either a negotiated agreement between the County and the Department or a statute that required the County to provide, at its expense, this disability insurance. The insurance policy of the Company provided for disability payments to be paid upon notification to the Company that an insured had become totally disabled as a result of injury or sickness. Total disability was defined, in pertinent part, as the "complete inability of the Member to engage in any employment or occupation". The policy did not require that the disability *200 arise while in the course and scope of employment of the insured. The policy additionally stated: "Long Term Disability Insurance is not in lieu of and does not affect any requirement for coverage by workmen's compensation insurance." From February 18, 1976, to March 23, 1990, petitioner received workmen's compensation benefits, in addition to the above-described monthly disability insurance payments. When petitioner's workmen's compensation award was exhausted, March 23, 1990, he began receiving life pension benefits from the County. To date, petitioner continues to receive both the pension benefits and the disability insurance payments. [2]
*201 During 1990, the year at issue, petitioner received $ 8,733.60 in disability insurance payments from the Company. The Company issued to petitioner an Internal Revenue Service (IRS) Form W-2P, Statement for Recipients of Annuities, Pensions, Retired Pay, or IRA Payments, and classified the payments as taxable income. [3] Petitioners reported the payments as nontaxable income on their 1990 Federal income tax return. It appears from the record that petitioners, in prior years, had reported these payments in this fashion and, in audits for prior years, the IRS agreed that these payments were not includable in gross income. In the notice of deficiency, respondent determined that the disability insurance payments were includable in gross income. [4]
*202 The determinations of the Commissioner in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners contend that the disability insurance payments are excludable from gross income under section 104(a)(1) because the payments were received under a statute in the nature of a workmen's compensation act for a work-related injury. More specifically, petitioners contend that they were informed by the IRS that the benefits were excludable pursuant to Rev. Rul. 68-10, 1968-1 C.B. 50, and the Public Safety Officers' Benefits Act of 1976, Pub. L. 94-430, sec. 2, 90 Stat. 1346. In the notice of deficiency, respondent determined that the disability insurance payments are not excludable from gross income under section 104(a)(1) because the payments were not paid under a workmen's compensation act or any statute in the nature of a workmen's compensation act. In general, gross income includes "all income from whatever source derived". Sec. 61(a). However, amounts received *203 under a workmen's compensation act for personal injuries or sickness are excluded from gross income. Sec. 104(a)(1). Section 1.104-1(b), Income Tax Regs., provides in part as follows: "Section 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen's compensation act * * * or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. * * * Section 104(a)(1) * * * does not apply to amounts which are received as compensation for a nonoccupational injury or sickness". In order for petitioner's insurance disability payments to qualify for the exclusion under section 104(a)(1) and the cited regulation, it is necessary to first establish that the disability payments were received under either a workmen's compensation act or under a statute that is in the nature of a workmen's compensation act. Rutter v. Commissioner, 760 F.2d 466, 468 (2d Cir. 1985), affg. per curiam T.C. Memo. 1984-525; sec. 1.104-1(b), Income Tax Regs. After that, it is necessary to establish that the disability *204 benefits were received for an injury sustained in the course of employment. Sec. 1.104-1(b), Income Tax Regs.
Petitioners contend that, under Rev. Rul. 68-10, supra, and under the Public Safety Officers' Benefits Act of 1966, supra, the benefits petitioner received are excludable from gross income under section 104(a)(1). In Rev. Rul. 68-10, supra, the IRS took the position that benefits under Cal. Lab. Code sec. 4850 (West Supp. 1990) and Cal. Lab. Code sec. 4853 (West Supp. 1990) are excludable under section 104(a)(1). Cal. Lab. Code sec. 4850 (West 1990) provides generally that, if any sheriff, officer, or employee of a sheriff's office, who is a member of the California Public Employees' Retirement System or subject to the County Employees Retirement Law of 1937, is disabled, whether temporarily or permanently, by injury or illness arising out of and in the course of his or her duties, he or she shall become entitled, regardless of his or her period of service with the city or county, to a leave of absence while so disabled without loss of salary in lieu of temporary disability *205 payments, for the period of the disability, but not exceeding 1 year. Cal. Lab. Code sec. 4853 (West Supp. 1990) provides, in pertinent part, that, whenever such disability continues for a period beyond one year, such member shall thereafter be subject to disability indemnity during the remainder of the period of the disability or until the effective date of his retirement under the Public Employees' Retirement Act, supra. The Public Safety Officers' Benefits Act, supra, provides, generally, that, when it is determined that a public safety officer has become permanently and totally disabled as the direct result of a catastrophic injury in the line of duty, the Bureau shall make benefits payments to such officer. Petitioners presented no evidence to establish that the disability insurance payments to petitioner were paid pursuant to the Federal and State statutory provisions cited. On the contrary, in a joint exhibit stipulated into evidence, the Company stated that the payments to petitioner were not paid pursuant to either Cal. Lab. Code sec. 4850 (West Supp. 1990) or Cal. Lab. Code sec. 4853 (West Supp. 1990), but rather were paid by the Company as third party sick pay. *206 See supra note 3. Moreover, if the disability insurance payments were made pursuant to a statute considered to be in the nature of a workmen's compensation act, such statute would have to limit the disability benefits to job-related injuries. Rutter v. Commissioner, supra at 468; Take v. Commissioner, 82 T.C. 630, 634 (1984), affd. 804 F.2d 553 (9th Cir. 1986); Haar v. Commissioner, 78 T.C. 864, 868 (1982), affd. per curiam 709 F.2d 1206 (8th Cir. 1983). Furthermore, a statute must also preclude an employee from filing an independent claim for workmen's compensation benefits to be in the nature of a workmen's compensation act. See Gallagher v. Commissioner, 75 T.C. 313, 316-317 (1980); Blackburn v. Commissioner, 15 T.C. 336 (1950). In the present case, the insurance policy, under which petitioner received his payments, provided for payments to be paid regardless of whether the injury or disability arose in the course and scope of employment. The disability benefits *207 were not limited to only work-related injuries or injuries sustained in the course and scope of employment. Furthermore, petitioner was not precluded from filing an independent claim for workmen's compensation benefits. This is evidenced by the fact that petitioner received workmen's compensation benefits for a period of 14 years, while also receiving the disability insurance benefits from the Company. Additionally, the insurance policy itself provides that "Long Term Disability Insurance is not in lieu of and does not affect any requirement for coverage by workmen's compensation insurance." The Court holds that the disability insurance payments petitioner received during 1990 were not received under a workmen's compensation act or a statute in the nature of a workmen's compensation act. Accordingly, the Court holds that the disability benefits received by petitioner are not excludable from gross income under section 104(a)(1). Respondent is, therefore, sustained. The Court notes that it is sympathetic to the fact that petitioners were informed by the IRS during several audits for prior years that the disability payments were not includable in gross income. However, even though *208 respondent may have overlooked or accepted the tax treatment of the disability payments in previous years, respondent is not precluded from correcting that error in subsequent years with respect to the same taxpayers. Garrison v. Commissioner, T.C. Memo. 1994-200. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. During the period of Aug. 1977 through Nov. 1986, the Company reduced petitioner's monthly insurance payments by the amount he was concurrently receiving as workmen's compensation. However, as the result of a class action lawsuit and a resulting settlement agreement, the Company reimbursed petitioner for the amounts deducted in prior years and increased petitioner's disability payments to the maximum amount, which amount he was receiving at the time of trial.↩
3. It appears that the Company considered the benefits paid to petitioner as amounts paid through accident or health insurance for personal injuries or sickness other than in petitioner's status as an employee. Because the premiums were paid by petitioner's employer, such benefits were not excludable from gross income under sec. 104(a)(3).↩
4. As a result of this determination, respondent also made computational adjustments to petitioner's itemized deductions for medical and dental expenses.↩