T.C. Memo. 1997-500

UNITED STATES TAX COURT

RICHARD A. McDOWELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22560-95.                    Filed November 6, 1997.

Gene M. Carlino, for petitioner.

Carmino J. Santaniello, Jr. and Bradford A. Johnson, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

DEAN, Special Trial Judge:  This case was heard pursuant to
the provisions of section 7443A(b) of the Code and Rules 180,
181, and 182.[1]

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the taxable year in
issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax of $2,224. The sole issue for decision, petitioner having conceded receiving unreported interest income of $18, is whether certain disability pension payments that he received in 1992 are includable in his gross income for that year.

The facts in this case have been fully stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. Petitioner resided in Pawtucket, Rhode Island, at the time the petition was filed in this case.

## FINDINGS OF FACT

Petitioner commenced employment as a firefighter with the city of Pawtucket, Rhode Island (City), in March of 1982. For the years 1982 through 1990, petitioner was a member of the International Association of Firefighters, Local No. 1261 (Union). In September of 1989, having responded to a chemical spill at a local jewelry manufacturer, petitioner was exposed to anhydrous ammonia leaking from a defective storage tank. The incident rendered petitioner totally disabled.

On August 1, 1990, pursuant to City of Pawtucket City Ordinance Chapter 1406, petitioner was awarded a disability pension. In effect at the time of the award of the pension to petitioner was a collective bargaining agreement (agreement) between the City and the Union containing disability provisions

providing the same benefits as the City ordinance.  In accordance with the provisions of the collective bargaining agreement, petitioner received annual disability pension payments equal to 66 2/3 percent of his salary at the time of his retirement.

The disability pension ordinance of the City has been consistently applied to allow only those firefighters injured in the line of duty to receive a disability pension.

During the year 1992, petitioner received disability pension payments in the total amount of $20,691, none of which was reported as gross income on his Federal income tax return for the year.

## OPINION

Respondent contends that petitioner may not exclude from gross income amounts received under the disability pension plan of the City because the City ordinance implementing the plan is neither a worker's compensation act nor in the nature of a worker's compensation act as required by statute.  It does not meet statutory requirements, argues respondent, because the wording of the ordinance does not specifically limit benefits to those who are disabled due to work-related injury or sickness. Respondent also argues that if petitioner received his disability payments pursuant to the agreement between the City and the Union, they are not excludable because the agreement is not a "statute" in the nature of a worker's compensation act.

Petitioner counters respondent's contentions by maintaining that:

(a) Petitioner does not rely on the agreement as a basis for excluding the pension disability payments from income; (b) the City ordinance has been interpreted by the Rhode Island Supreme Court as in the nature of a worker's compensation act; (c) the ordinance has been applied in a manner that is in the nature of a worker's compensation act; and (d) the ordinance has been retroactively amended to "clarify" that it is in the nature of a worker's compensation act.

Respondent's determinations are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Furthermore, every item of a person's gross income is subject to Federal income tax unless there is a statute or some rule of law that exempts the person or the item from gross income. HCSC-Laundry v. United States, 450 U.S. 1, 5 (1981).

Exemption Under Section 104(a)(1)

An exclusion from gross income can be found at section 104(a)(1) for "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". Section 1.104-1(b), Income Tax Regs., interprets section 104(a)(1) to exempt amounts received under a worker's compensation act, "or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or

sickness incurred in the course of employment."  This exclusion has been strictly construed so as to conform with the general rule that all income is taxable unless it is specifically excluded.  See Kane v. United States, 43 F.3d 1446, 1449, 1451 (Fed. Cir. 1994); Take v. Commissioner, 804 F.2d 553, 558 (9th Cir. 1986), affg. 82 T.C. 630 (1984).

### In the Nature of Workmen's Compensation

Petitioner does not here argue that section 11 of the City ordinance is actually a worker's compensation statute. Petitioner instead contends that the ordinance is "in the nature of" a worker's compensation statute.  Petitioner seems to agree with respondent that for an ordinance to be in the nature of a worker's compensation statute, it must provide that only injuries that are work-related may be compensated.  Petitioner and respondent are correct.  "A statute will not be considered akin to a workers' compensation act if it allows for disability payments for any reason other than on-the-job injuries."  Haar v. Commissioner, 78 T.C. 864, 868 (1982), affd. 709 F.2d 1206 (8th Cir. 1983); accord Take v. Commissioner, supra; Clausse v. Commissioner, T.C. Memo. 1995-198.

Section 11 of the City ordinance, "Total and Permanent Disability", provides in pertinent part that "In addition to the foregoing retirement benefits any member who becomes totally and permanently disabled shall receive a benefit equal to sixty-six and two-thirds percent (66 2/3%) of the members [sic] pay at the

time of his total and permanent disability".  Section 11A(a) of the City ordinance, "Administration of Disability Payments", provides that "The determination of the disability from any cause shall be made upon the basis of reports on examinations made by three physicians".

### Interpretation of the Ordinance

Petitioner argues that the Rhode Island Supreme Court has interpreted the ordinance as providing benefits only to those firefighters incurring "duty-connected" disabilities.  Petitioner cites St. Germain v. City of Pawtucket, 382 A.2d 180 (R.I. 1978), as the basis for his position.  The issue in the case was whether a disabled City firefighter was covered by the general State statute that provides full pay for work-related injuries or by the state authorized, but specific City ordinance providing for reduced pay for disabled firefighters.  In proceeding to decide that the general statute applied only to those "various cities and towns that do not have their own pension plans", the State Supreme Court described the City ordinance as follows:

> In 1973 defendant passed chapter 1406, an ordinance that revised the existing pension plan and provided in part that upon incurring a duty-connected disability, a firefighter would receive a percentage of his pay for the duration of the disability or until he reached normal retirement age, at which time he would be transferred to the retirement list and receive normal retirement benefits. [Id., at 181; emphasis added.]

It is this language that petitioner apparently relies upon for his characterization of the court's "interpretation" of the City ordinance.

While we find no basis upon which to disagree with the quoted description, we disagree that it has the effect ascribed to it by petitioner. The quoted description merely states that the ordinance covers duty-connected disability. As we understand it, there is no dispute between the parties that the City ordinance covers, "in part", duty-connected disabilities. The difficulty, from petitioner's standpoint, is that the language of the ordinance does not exclude from coverage non duty-connected injuries or sickness. We find, therefore, that St. Germain v. City of Pawtucket, id., is not authority for determining that the City ordinance is in the nature of a worker's compensation act.

Consistent Application of the Ordinance

The parties have vaguely stipulated that the City ordinance has been consistently applied to grant benefits to firefighters only for disability due to work-related injury or sickness. Petitioner argues that the ordinance, as applied in practice, is therefore in the nature of a workmen's compensation act.

We also note that the parties have entered into two other ambiguous stipulations, agreeing at the same time that petitioner "was awarded a pension" under the City's "municipal pension plan" (attaching a copy of the City ordinance), and that he received pension payments "In accordance with the provisions of a collective bargaining agreement between the City and the Union". Petitioner argues in his brief that the agreement "has no bearing

on the determination of the present controversy."  We disagree with petitioner's assertion.

If petitioner received his disability benefits under the agreement rather than under the City ordinance, it is clear that the payments were not received under a <u>statute</u> in the nature of a worker's compensation act.  <u>Rutter v. Commissioner</u>, 760 F.2d 466, 468 (2d Cir. 1985) (labor contract does not qualify as a "statute" within the meaning of sec. 1.104-1(b), Income Tax Regs.), affg. T.C. Memo. 1984-525; <u>Covert v. Commissioner</u>, T.C. Memo. 1990-598.

Whether petitioner received his payments under the City ordinance or under the Union agreement is a question that also renders more doubtful the meaning of the parties' stipulation that the ordinance has been "applied in practice" to grant benefits only for work-related injuries or sickness.  We cannot be sure by whom the ordinance has been so applied, Union officials or City officials (and if so which ones), or in what manner such officials may have carried out the referred to "practice".

Assuming, arguendo, that the "consistent" application of the City ordinance was by an administrative body of the City, the record is insufficient for us to determine whether such an "application" had the force and effect of law.  See <u>Dyer v. Commissioner</u>, 71 T.C. 560, 562 (1979); <u>Beisler v Commissioner</u>, T.C. Memo. 1985-25, affd. 787 F.2d 1325 (9th Cir. 1986), affd. en

banc 814 F.2d 1304 (9th Cir. 1987).  Where administrative rules

or regulations have "the force and effect of law" they will be

found to be the equivalent of a statute for purposes of section

1.104-1(b), Income Tax Regs. interpreting  section 104(a)(1).  As

explained in Rutter v. Commissioner, supra at 468:

> A regulation, like a statute, is a rule of general
> applicability promulgated by a public agency to govern
> conduct within the agency's jurisdiction.  A labor
> contract, unlike a statute, is an agreement between
> union and employer, modifiable at any time. * * *

We find the facts of this case similar to those of Clemens

v. Commissioner, T.C. Memo. 1989-205.  There the taxpayer argued

that his employer had a policy of paying benefits for work-

related injuries and that he had received payments pursuant to

the policy.  Along with his own testimony, the taxpayer offered

as evidence statements of a witness who testified that the policy

was outlined in a handbook and was included in the relevant

collective bargaining agreement.  The Court found the evidence

insufficient to show that the "past practice" amounted to actions

having the "force and effect of law".  We find the record in this

case insufficient to show that "application" or "practice" here

arose to a level having the force and effect of law.

Retroactive "Clarification" of the City Ordinance

Petitioner urges that our examination of the wording of the

City ordinance include language added to the ordinance[2] by an

---

[2]Pawtucket City Ordinance Chapter 1406 has been renumbered.
The ordinance provisions with which we are concerned were Chapter
(continued...)

amendment, City Ordinance Chapter No. 2391, approved on June 22, 1995, entitled "An Ordinance and Amendment Establishing a Tax Exempt Plan for Firefighters and Policemen" (amendment). The amendment adds to the "Total and Permanent Disability" provision of the City ordinance the following language: "(C.) The benefits established herein are in lieu of worker's compensation benefits, which have not been available to the participants herein since the inception of the Plan." The amendment to the ordinance was made retroactive from June 29, 1973 [the date of enactment of the ordinance] by City Ordinance Chapter No. 2401, approved November 27, 1995.

Petitioner argues that the amendment clarifies that the benefits of the ordinance are "intended only for those injured in the line of duty as in the case of a workmen's compensation act." Respondent argues that petitioner's assertion is misplaced, and in any event, the amendment should not be given retroactive effect.

We need not decide here whether the retroactive amendment is permissible. Even if the amendment were to be given retrospective effect, it would not cause the ordinance to be a statute in the nature of a worker's compensation act.

The title of the amendment suggests that its purpose is to make City disability benefits tax exempt, but it does not control

---

[2](...continued)
1406, sections 11 and 11A. These provisions are now found at Chapter 59 of the City ordinance, secs. 59-24 and 59-25.

the interpretation of the provision.  The title of an act may only aid interpretation by the court if there is doubt about the meaning of the text of the provision.  <u>Town of East Greenwich v. O'Neil</u>, 617 A.2d 104, 109 (R.I. 1992).  The title does not control when a court analyzes the plain meaning of a provision.  <u>Fiske v. MacGregor, Div. of Brunswick</u>, 464 A.2d 719, 727 (R.I. 1983).  We find that the plain meaning of the amendment is that for disability claims of City firefighters and police, the City ordinance applies "in lieu" of, in place of, or instead of worker's compensation benefits.  That workers injured while on duty <u>must</u> claim benefits under the ordinance and not worker's compensation is not the critical issue here, however.  That workers injured or rendered ill for reasons unrelated to their work <u>may</u>, on the face of the provision as written (even with the amendment), claim benefits under the ordinance is critical, and fatal to any exemption under section 104(a).  See <u>Craft v. United States</u>, 879 F. Supp. 925, 932 (S.D. Ind. 1995)("in lieu of" language of State disability statute cannot change its nature).

Conclusion

Although injured while on duty as a firefighter, petitioner has failed to carry his burden of proof to show that he received disability payments under a worker's compensation statute or a statute in the nature of a worker's compensation statute.  We are unable to find erroneous respondent's determination that the

disability payments received by petitioner are includable in gross income in the year 1992.

<u>Decision will be entered</u>

<u>for respondent</u>.