OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



November 16, 1999

The Honorable Florence Shapiro
Chair, Committee on State Affairs
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0144

Re: Interpretation of section 143.073, Local
Government Code (RQ-0006-JC)

Dear Senator Shapiro:

You have asked this office to consider a particular statute, section 143.073(a) of the Local Government Code, which requires that police and fire fighters injured in the line of duty receive full pay while incapacitated, in the light of a dispute between the City of Plano, Texas (the "City") and a member of its police force. Because this office does not determine facts in the opinion process, we will consider here the questions of law involved in the matter, and in particular the question of which statutes apply here. With regard to the facts of the dispute, as there appears to be no controversy regarding them, we rely on the account provided by the City in its brief.

As we understand it then, the facts are these. A police officer employed by the City was injured in the line of duty in 1996. He remained off duty for nine weeks. During that time, he received both his regular pay check, from which the ordinary income tax deductions were taken, and a workers' compensation income benefit check in the amount of $480.00 a week to which he was not entitled. This error, according to the city, was not the fault of the officer. Supplemental Brief from the City of Plano, to Honorable Florence Shapiro, Senator (Jan. 12, 1998) (on file with Opinion Committee).

The officer has returned the amount he received in workers' compensation benefits. However, the City, as we understand its argument, takes the view that, had it been possible for it to construe the payment of his salary to the officer as, in some measure, non-taxable workers' compensation benefits, it would have saved the tax on that portion of the payment which could be characterized as workers' compensation. It seeks repayment of this putative tax saving from the officer.

The City's argument appears to be based on the view that the payments it made to the officer during the period of his incapacitation were not subject to federal income taxation. The gross income of a taxpayer does not include "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." 26 U.S.C. § 1.04(a)(1) (1994). Accordingly, any such amounts are not subject to taxation, or to withholding. However, it must be possible to characterize such payments as workers' compensation for section 1.04(a)(1) to apply.

In our view, the City has misconstrued the statutory framework here. The statutes which must be read together to resolve the issue in this case are not sections 143.073(a) of the Local Government Code and 408.003(a)(2) of the Labor Code, but rather section 143.073(a) and section 504.051(a)(1)(A) of the Labor Code.

The City argues that, while it was required by section 143.073(a) of the Local Government Code to provide the officer "a leave of absence . . . with full pay," for the period in question, that requirement could effectively have been fulfilled by construing its payments to him as combining workers' compensation benefits with the supplemental provision of section 408.003 of the Labor Code.

Section 408.003(a) of the Labor Code provides:

> (a) After an injury, an employer *may*:
>
> > (1) initiate benefit payments, including medical benefits; or
>
> > (2) *on the written request or agreement of the employee,* supplement income benefits paid by the insurance carrier by an amount that does not exceed the amount computed by subtracting the amount of the income benefit payments from the employee's net pre-injury wages.

TEX. LAB. CODE ANN. § 408.003(a) (Vernon 1996) (emphasis added).

In the City's view, as we understand it, had it been able to construe its payments in the manner described, it would have derived tax benefits thereby. Because it was unable to derive such benefits, it seeks to recoup them from the officer.

We note first that any such construction of the payments, even could it have been effective, would have required the consent of the officer, as the supplemental benefits provision requires "the written request or agreement of the employee." *Id.* § 408.003(a)(2). However, we do not believe such a construction is possible, because any workers' compensation payments to which the officer might have been entitled would already have been offset by section 504.051 of the Labor Code, which provides in relevant part that:

> (a) Benefits provided under this chapter shall be offset:
>
> > (1) to the extent applicable, by any amount for incapacity received as provided by:
>
> > > *(A) Chapter 143, Local Government Code; . . .*
>
> > . . . ; *and*

(2) *by any amount paid under Article III, Section 52e, of the Texas Constitution, as added in 1967.*

*Id.* § 504.051 (emphasis added). Chapter 143, and specifically section 143.073(a), governs payments to municipal fire and police employees injured in the line of duty. Article III, section 52e "as added in 1967"—a phrase intended to distinguish this section from another so designated which concerns the issuance of road bonds by Dallas County—provides that any county or precinct law enforcement official who is injured in the line of duty is to be paid "his maximum salary" while hospitalized or incapacitated. TEX. CONST. art. III, § 52e. The section is thus parallel to section 143.073 of the Local Government Code.

In 1993, this office considered a question similar to the one now before us, regarding whether a county could "'reduce the amount paid to a deputy or law enforcement official under Article 3, Section 52e . . . to a sum less than the employee's maximum salary because a portion of all of the monies paid the deputy/official are not subject to income tax.'" Tex. Att'y Gen. LO-93-63, at 3-4. In interpreting article 8309h of the Revised Civil Statutes, the statutory predecessor to section 504.051 of the Labor Code, this office pointed out that one of the statute's purposes "was to prohibit 'double dipping.'" *Id.* at 4. As the opinion pointed out, "Prior to 1987 [when the statute was adopted], an injured county law enforcement official was eligible to receive *both* his full salary *and* his statutory workers' compensation benefit, and no offset was permitted." *Id.* (emphasis in original). The opinion cited the legislative history of the statute, which indicates that the legislature proposed to stop the practice of double-dipping "by reducing the amount of workers['] compensation by the amount of salary paid through Article III, Section 52e of the Texas Constitution." *Id.* Answering in the negative the question as to whether the deputy's pay could be reduced, the opinion noted that "[n]othing in the constitutional history of article III, section 52e, nor in the legislative history of article 8309h, offers even the slightest evidence that the legislature intended that the injured official's federal tax status should play any role in determining his benefits." *Id.*

The provision of section 504.051(1)(A) applicable to a municipal law enforcement employee is, as we have noted, parallel to that of section 504.051(2), and accordingly is to be interpreted *in pari materia* with it. Its manifest intent is to prevent double dipping, and to that end it reduces workers' compensation benefits by the amount "received as provided by . . . Chapter 143, Local Government Code." TEX. LAB. CODE ANN. § 504.051(a)(1)(A) (Vernon 1996). Because under section 143.073(a) of the Local Government Code the officer in question is entitled to full pay, any workers' compensation is entirely set off by this provision.

We note that it may be the case that the payment of the officer's full salary pursuant to section 143.073, while not a payment of workers' compensation under chapter 408 of the Labor Code, may be a payment "under a statute in the nature of a workmen's compensation act," as the Income Tax Regulations use that phrase. 26 C.F.R. § 1.104-1(b) (1999). What constitutes such a statute, as the Journal of Taxation has pointed out, "is, in Professor Bittker's delightful phrase, 'hazy around the edges.'" 71 J. Tax'n 407 (1989). A relatively early Tax Court ruling, *Blackburn v. Commissioner*, 15 T.C. 336 (1950), held that the payment of full pay to a California Highway Patrolman injured in the line of duty was "not . . . analogous to workmen's compensation but . . . a

continuation of regular pay during a period of incapacity in a manner similar to any other provision for sick leave . . . ." *Id.* at 340. However, in that case a key fact was that the injured patrolman could and did file for workers' compensation in addition to his regular salary—the very "double-dipping" which section 504.051 of the Labor Code forbids. As we understand the present state of the law, for a statute to be of the sort section 1.104-1(b) contemplates, "such statute would have to limit the disability benefits to job-related injuries. . . . Furthermore, a statute must also preclude an employee from filing an independent claim for workmen's compensation benefits to be in the nature of a workmen's compensation act." *Clausse v. Commissioner*, 69 T.C.M. (CCH) 2546 (1995).

Whether the payment of the officer's full salary was pursuant to a statute of that sort, and hence whether income tax deductions from his gross pay were unwarranted, is a question for the officer and his counsel to determine in consultation with the Internal Revenue Service, and is not within the purview of this office. In any event, following Attorney General Letter Opinion 93-63, such income tax overpayments from his gross pay would belong to the officer, not to the City of Plano.

As we understand it, the officer has repaid the entire amount of workers' compensation he received. Unless there are other considerations besides the interpretation of section 143.073(a) of which we have not been made aware, such payment was all he owed in this situation to the City of Plano.

### S U M M A R Y

Any workers' compensation benefit to which a municipal police officer injured in the line of duty may be entitled under chapter 504 of the Labor Code is offset by the provision of section 143.073(a) of the Local Government Code which entitles him to full pay during his incapacity, continuing if necessary for a full year.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee